IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIC D. WASHINGTON | § | |
| v. | § | CIVIL ACTION NO. 6:13v2 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Eric Washington, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of the denial of parole. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

This petition was severed out of another petition which Washington filed, cause no. 6:11cv630. In that petition, Washington raised four grounds of error, of which the first three concerned the legality of his conviction and the fourth challenged the denial of parole, a wholly separate claim. After the parole claim was severed into the present case, Washington was ordered to file an amended petition setting forth that claim with more factual specificity, and he complied with this order on January 18, 2013. In this amended petition, Washington expressed his claim for relief as follows:

> Denial of parole decision was obtained by incorrect information and finding of a weapon - due process. Parole board denied petitioner to rebut the incorrect information and finding of a deadly weapon. There was no finding of bodily harm done to victim, no finding of weapon, but parole has it as a finding. (Denied him due process).

The Magistrate Judge ordered the Respondent to answer the petition. In his answer, the Respondent argued that Washington's claims are not cognizable on federal habeas corpus review because Washington lacks a liberty interest in release on parole, the Board properly considered Washington's use of a deadly weapon, Washington has no right to be present at the parole hearing, and Washington was allowed to advocate on his own behalf during an interview prior to the Board's consideration of his case.

On July 10, 2013, the Magistrate Judge issued a Report recommending that Washington's application for habeas corpus relief be denied. The Magistrate Judge cited Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) as stating that because prisoners have no liberty interest in obtaining parole in the State of Texas, they cannot complain of the constitutionality of procedural devices attendant to parole decisions. The Magistrate Judge therefore determined that Washington's challenges to the procedures used by the Parole Board were foreclosed by the fact that Washington has no liberty interest in release on parole. *See also* Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). The Magistrate Judge further recommended that Washington be denied a certificate of appealability *sua sponte*.

Washington filed objections to the Magistrate Judge's Report on July 24, 2013. In his objections, Washington complains that the Magistrate Judge failed to order the parole board and the state district court to show "forensic proof" that Washington had used a deadly weapon in the commission of the offense. He concedes that the judgment of conviction reflects that an affirmative finding was made that he used a deadly weapon, but says that this was "incorrect." He also complains about the set-off notice which he received from the Board of Pardons and Paroles and says that his claims are cognizable on habeas corpus review because "petitioner should have a right to correct anything incorrect on his prison record before the parole panel." He argues again that he was denied due process by the finding of a deadly weapon because there was no fingerprint evidence to show that he had been in possession of a deadly weapon and that he should be entitled to a certificate of appealability.

Washington's objections fail to address the fact that he has no constitutionally protected liberty interest in release on parole.  His general assertion that he should be entitled to correct his prison record before the Board does not show any valid basis for federal habeas corpus relief; whether or not avenues for correcting erroneous information exist under state law, the fact that Washington lacks a constitutionally protected liberty interest in release on parole renders his federal habeas corpus petition without merit.  His objections are without merit.

Together with his objections, Washington also filed an untimely reply to the Respondent's answer.  In this reply, Washington asserts that release on parole is a privilege until a prisoner serves one-half of his sentence, but that after this, a wrongful denial of parole is a due process violation.  No state or federal case has drawn such a distinction.  Washington's claim on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto.   Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Eric Washington is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 30th day of July, 2013.**



LEONARD DAVIS  
UNITED STATES DISTRICT JUDGE